UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ADAME; et al., | ) CASE NO. CV 18-9473-R |
| Appellants, | ) ORDER AFFIRMING BANKRUPTCY<br>) COURT'S ORDER GRANTING MOTION<br>) FOR RELIEF FROM AUTOMATIC STAY<br>) UNDER 11 U.S.C. § 362. |
| v. | ) |
| U.S. BANK NATIONAL ASSOCIATION, | ) Bankruptcy No: 9:18-bk-11165-DS |
| Appellee. | ) |

Before the Court is an appeal from the United States Bankruptcy Court for the Central District of California's Order Granting Motion for Relief from Automatic Stay Under 11 U.S.C. § 362. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a). Having been thoroughly briefed by both parties, this Court took the matter under submission on February 1, 2019.

This appeal stems from a motion for relief from automatic stay filed by U.S. Bank National Association ("Appellee"), seeking relief from the automatic stay to the extent it was in effect at the time of entry of the order at issue, concerning real property located at 2111 Posada Dr, Oxnard, California 93030. The bankruptcy court found that (1) pursuant to 11 U.S.C. § 362(c)(4), no automatic stay was in effect in Robert and Maria Adame's ("Appellants") voluntary Chapter 13

bankruptcy case; and (2) the case was part of a scheme to delay, hinder, or defraud Appellee, which entitled Appellee to relief under 11 U.S.C. § 362(d)(4).

The bankruptcy court's order on a motion for relief from the automatic stay is reviewed for abuse of discretion. *Kronemyer v. Am. Contractors Indem. Co. (In Re Kronemyer)*, 405 B.R. 915, 919 (9th Cir. BAP 2009). The existence of abuse of discretion is determined by a two-part test: (1) a *de novo* determination of whether the bankruptcy court identified the correct legal rule to apply to the relief requested; and (2) if it did, whether the bankruptcy court's application of the correct legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *Johnson v. Johnson (In re Johnson)*, No. 17-55220, 2019 U.S. App. LEXIS 537 (9th Cir. Jan. 8, 2019) (citing *United States v. Hinkson*, 585 F. 3d 1247, 1263 (9th Cir. 2009)).

11 U.S.C. § 362(c)(4)(A) provides that "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed…the stay under subsection (a) shall not go into effect upon the filing of the later case; and…on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." Here, a case was filed against Mr. and Mrs. Adame, who do not dispute that they are individuals under Title 11 or that multiple cases concerning the same property were filed by them and dismissed within the past year. Appellee, a party in interest, sought relief from the automatic stay, which was treated by the bankruptcy court as a request for an order confirming that no such stay was in effect. Thus, subsection (c)(4)(A) applies to this case.

11 U.S.C. § 362(d)(4)(B) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay…such as by terminating, annulling, modifying, or conditioning such stay…with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved…multiple bankruptcy filings affecting such real property." Appellants do not dispute that Appellee is a creditor whose claim is secured by an interest in the real property at

issue, nor do they dispute that multiple bankruptcy filings affecting such real property have been filed. Thus, subsection (d)(4)(B) also applies to this case. A determination that either subsection was applicable to this case would be sufficient to justify the bankruptcy court's order. The bankruptcy court identified and applied the correct legal standards to this case.

Next, this Court must determine whether the bankruptcy court applied the above legal standards illogically, implausibly, or without support in inferences that may be drawn from the facts in the record. Here, § 362(c)(4)(A) merely operated to prevent an automatic stay from taking effect in this case due to Appellants' multiple bankruptcy filings within the past year and to allow the bankruptcy court, at Appellee's request, to issue an order confirming that no stay was in effect. Subsection (c)(4) grants the bankruptcy court little to no discretion in applying this mechanical rule, and nothing in the record even suggests that the court applied the standard illogically, implausibly, or without support from the record. Appellants do not dispute that they filed multiple cases within the past year or that they qualify as individuals under Title 11, and they do not address subsection (c)(4) in this appeal.

Application of § 362(d)(4)(b) involves a more fact-intensive analysis requiring the judgment of the bankruptcy court. Appellants contend that the bankruptcy court abused its discretion in finding that the current bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors because (1) the court failed to consider Appellants' opposition to Appellee's motion for relief, and (2) the court erred in granting relief under §362(d)(4), largely because the court did not make a specific finding of bad faith.

First, the transcript from the bankruptcy court's hearing on the motion indicates that the court was in fact aware of Appellants' opposition. The court stated at the hearing, "I see an opposition, I just don't see a reply." Appellants also contend that the bankruptcy court did not receive, and therefore, could not have considered, their proposed plan prior to issuing the challenged order. However, Appellants' proposed plan was attached as an exhibit to their opposition, which the court explicitly acknowledged receiving.

Second, the record provides adequate evidence in support of the bankruptcy court's determination that Appellants were engaged in a scheme to hinder or delay. In support of their

position, Appellants cite to *In re Duncan & Forbes Dev., Inc.*, which states "[t]o make the conduct actionable under §364(d)(4), the scheme to hinder or delay 'must be devised and contrived of malice, fraud, covin, collusion, or guile.'" 368 B.R. 27, 34 (Bankr. C.D. Cal. 2007). Courts have identified the following circumstances as indicative of a scheme to hinder, delay, or defraud creditors: (1) the strategic filing of bankruptcy petitions to prevent collection; (2) multiple petitions by multiple parties; (3) lack of evidence of changed circumstances between bankruptcy filings; and (4) inability to fund a plan. *In re Lee*, 467 B.R. 906, 921 (B.A.P. 6th Cir. 2012).

This is Appellants' eighth bankruptcy filing since 2015. Each of their prior petitions have been dismissed. The record shows that the bankruptcy court considered Appellants' justifications for their multiple filings but found them to be outweighed by the evidence suggesting a motive to hinder or delay. Appellants contend that prior filings pre-dated the contractual default at issue here and, therefore, should not be considered. However, this is not Appellants' first default on the loan. The bankruptcy court's decision to consider prior defaults on the same loan was not illogical or unreasonable. All of the prior filings were relevant to the court's finding that Appellants have acted with intent to hinder or delay. Moreover, it is implied in the court's findings that Appellants have shown little to no evidence of changed circumstances between their multiple bankruptcy filings.

The bankruptcy court determined that the above facts as a whole demonstrate that Appellants are unlikely to succeed in their case and that an order granting relief from the automatic stay was appropriate in this case. Although the bankruptcy court did not make an explicit finding of bad faith, that factor is clearly implied in the bankruptcy court's order. Appellants have cited to no law requiring an explicit finding of bad faith. The record shows that the court considered each of the factors raised by the parties and made a logical decision supported by the record. Accordingly, the bankruptcy court's order was not an abuse of discretion.

///

///

///

///

4

**IT IS HEREBY ORDERED** that the bankruptcy court's October 1, 2018 Order Granting Motion for Relief from Automatic Stay Under 11 U.S.C. § 362 is AFFIRMED.

Dated: February 5, 2019

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE